# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PATRICK D. GRAHAM, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 05-1269-CV-W-NKL-P |
| LARRY DENNEY, | ) ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS**

Petitioner, Patrick D. Graham, filed this 28 U.S.C. § 2254 habeas corpus petition pro se on December 20, 2005. Petitioner does not challenge the conviction or sentence for which he is confined. Instead, petitioner challenges the Circuit Court of Barton County's refusal to grant petitioner early release pursuant to Mo. Rev. Stat. § 558.016 (2005) (repealed 2006).

Petitioner raises two grounds for relief: (1) the Missouri Department of Corrections violated his rights to due process when it submitted an erroneous parole eligibility report to the Circuit Court of Barton County, Missouri; and (2) the Circuit Court of Barton County, Missouri, violated his rights to due process when it refused to grant petitioner a hearing on his request for early release.

Respondent concedes exhaustion of petitioner's grounds for relief, but contends that they are not cognizable in a habeas corpus proceeding because they only present issues of state law.

In order to invoke the Court's habeas jurisdiction, a prisoner must allege "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). However, if a state statute creates a liberty interest in

early release, the requirements of the due process clause are invoked. Id. at 12. In Parker v. Corrothers, the United States Court of Appeals for the Eighth Circuit set forth two standards for determining if a state statute creates a protected liberty interest in early release or parole: "(1) does the statute contain particularized substantive standards or criteria which significantly guide parole decisions; and (2) does the statute use mandatory language similar in substance or form to the Nebraska statute's language at issue in *Greenholtz*?" 750 F.2d 653, 656 (8th Cir. 1984).

Missouri's "120 Day" early release statute reads as follows:

> An offender convicted of a nonviolent class C or class D felony with no prior prison commitments, after serving one hundred twenty days of his or her sentence, may, in writing, petition the court to serve the remainder of his or her sentence on probation, parole, or other court-approved alternative sentence. No hearing shall be conducted *unless the court deems it necessary*. Upon the offender petitioning the court, the department of corrections shall submit a report to the sentencing court which evaluates the conduct of the offender while in custody, alternative custodial methods available to the offender, and shall recommend whether the offender be released or remain in custody. If the report issued by the department is favorable and recommends probation, parole, or other alternative sentence, the court shall follow the recommendations of the department *if the court deems it appropriate*. Any placement of an offender pursuant to section 559.115, RSMo, shall be excluded from the provisions of this subsection.

Mo. Rev. Stat. § 558.016(8) (2005) (emphasis added). Section 558.016(8) fails both prongs of the Parker test. First, the statute is purely discretionary. Dace v. Mickelson, 816 F.2d 1277, 1280 (8th Cir. 1987) ("If the statute ... only mandates that the state officials follow certain procedures or take into account certain factors, but specifically provides that the prisoner's release is nevertheless discretionary..., as evidenced by the use of discretionary language, then no protected liberty interest has been created."). Furthermore, Section 558.016(8) does not provide significant guidance in the determination of early release because it merely requires the Missouri Department of Corrections

-2-

to issue a report to the circuit court. Therefore, no protected liberty interest has been created by Section 558.016(8) and petitioner's claims for relief are not cognizable on federal habeas corpus review. Consequently petitioner's claims will be denied and this case will be dismissed with prejudice.

Accordingly, it is **ORDERED** that this petition for a writ of habeas corpus is denied, and this case is dismissed with prejudice.

    /s/Nanette K.Laughrey
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri

Dated: 4/26/06